IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                  Case No. No. 15-10068-02-JTM

Oscar Natividad Pena-Cano,

    Defendant.

MEMORANDUM AND ORDER

The government seeks review of the decision of the United States Magistrate Judge authorizing the pretrial release of defendant Oscar Natividad Pena-Cano, who is charged with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841. Because Pena-Cano has been previously convicted in Ford County, Kansas of felonious possession of opiates, he faces a potential prison sentence in this case of 10 years . Pena-Cano is a previously-deported alien, has no legal status in the United States, and no authorization to work in the United States. Except for his residence in Dodge City, Kansas, Pena-Cano has otherwise lived in Mexico, and his mother lives there presently. Pena-Cano is subject to a detainer lodged by the Bureau of Immigrations and Customs Enforcement (BICE).

The government may seek review of a magistrate judge's order of release. See 18

U.S.C. § 3145(a)(1). The district court reviews an order of release *de novo. See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). In conducting this review, the court grants no deference to the magistrate judge's findings. *See United States v. Lutz*, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). Generally, a defendant should be released prior to trial unless there are no conditions which "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

In the present action, BICE took Pena-Cano into custody as soon as he was released from the Marshals' custody. BICE told the Marshals that Pena-Cano would be "on the next plane south," either on June 12, or June 19, 2015. Accordingly, absent revocation of the Order of Release, Pena-Cano will be removed from the United States within the week, effectively thwarting any further proceedings in the present action.

As the government now stresses, BICE (and its predecessor ICE) have taken the position that a criminal defendant subject to removal cannot obtain a stay in "routine cases," because Congress has "mandated" the prompt removal of illegally-reentering aliens under 8 U.S.C. § 1231 and 1228. (See Dkt. 19-2, Exh. B, Letter ruling of February 20, 2009 by ICE Chief Counsel Karen Lundgren.) Accordingly, BICE "has no statutory authority to hold aliens in our custody unless we are attempting to effect their departure as required by ... 8 U.S.C. § 1231." (*Id.*) That is, BICE has no power to hold an individual in custody except for the brief period necessary to effect their removal from the United States.

This contention is not unfounded. Under § 1231(a)(1)(A), the Attorney General, acting through BICE, "*shall* remove" an alien subject to a removal order within 90 days. (Emphasis added). Under § 1231(a)(1)(5), aliens who have illegally reentered the country

after a prior removal "*shall* be removed." Certainly, it would be preferable if inter-agency cooperation permitted all executive branches to achieve a single end. But different agencies are subject to different statutory obligations. The Tenth Circuit has explicitly decided that the existence of an ICE detainer is a relevant factor which should be considered in assessing whether to release a defendant under § 3142(g). *See United States v. Salas-Urenas*, 430 Fed.Appx. 721, 723 (10th Cir. 2011).

Following *Salas-Urenas*, the District of New Mexico in *United States v. Vencomo-Reyes*, 2011 WL 6013546 (D.N.M. 2011), persuasively explained why detention was appropriate in a similar cases, noting in particular that under 8 U.S.C. § 1252(g), courts lack jurisdiction to interfere with removal orders.[1] *See also Luevano v. Holder*, No. 10–9547, 2011 WL 4509473, at *1 n. 2 (10th Cir. Sept.30, 2011) (concluding, in light of § 1252(g), "[w]e lack jurisdiction to review this claim" seeking review of decision to institute removal proceedings). Considered here in light of all the circumstances of the case, the BICE detainer effectively ensures the non-appearance of the defendant for trial, and the court according grants the

---

[1] Other courts have reached similar conclusions. *See United States v. Ong*, 762 F.Supp.2d 1353, 1363 (N.D.Ga.2010)( detention appropriate "[s]ince Ong would likely be removed from the United States and not allowed to re-enter"); *United States v. Lozano*, No. 09-158, 2009 WL 3052279, at *4 (M.D.Ala. Sept.21, 2009)(given the existence of an ICE detainer, there were "no condition or combination of conditions will *reasonably assure defendant's appearance as required* for prosecution under the instant indictment." (emphasis in original)); *United States v. Pantaleon-Paez*, No. 07-292, 2008 WL 313785, at *4 (D.Idaho Feb.1, 2008)("BICE's imminent detention and subsequent deportation efforts" meant that the release of defendant would "result in ... his prompt removal to Mexico, and his never standing trial[,] a possibility is at odds with the Bail Reform Act"); *United States v. Sanchez-Valdiva*, No. 08-342, 2008 WL 5104688, at *3 (D.Minn. Nov.26, 2008)(detention of defendant justified given "substantial likelihood that he will immediately be removed to Mexico").

government's motion (Dkt. 198).

IT IS ACCORDINGLY ORDERED this 17th day of June, 2015, that the defendant is hereby remanded to the custody of the United States Marshal.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE